**Liang Yuan ZHU, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–70898.

Agency No. A72–142–050.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2003.*

Decided Sept. 19, 2003.

Alexa L. Forte, BTI International Law Office LLC, Lake Oswego, OR, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, OIL, Office of Immigration Litigation, Washington, DC, WWS–District Counsel, Immigration And Naturalization Service, Seattle, WA, William Campbell Erb, Jr., Attorney, Anthony C. Payne, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before PREGERSON, THOMAS, and PAEZ, Circuit Judges.

MEMORANDUM**

Liang Yuan Zhu, a native and citizen of China, petitions for review of the Board of Immigration Appeals' decision dismissing his appeal from an immigration judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual determinations concerning a petitioner's eligibility for asylum, and must uphold them unless the evidence compels a contrary result. *INS v. Elias–Zacarias,* 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition.

Zhu contends that substantial evidence does not support the IJ's credibility finding. We agree.

Substantial evidence does, however, support the IJ's alternative conclusion that Zhu failed to establish that his fear of future persecution was objectively reasonable. Zhu testified that in 1989, he participated in two anti-government demonstrations and that as a result, police came to his university and home searching for him. Zhu does not contend that he suffered past persecution. This evidence does not compel the conclusion that the current Chinese government has any interest in persecuting him. *See id.* at 483–84; *see also Prasad v. INS,* 47 F.3d 336, 339 (9th Cir.1995) (holding evidence did not compel finding of persecution where alien beaten, briefly detained, not expressly threatened).

Zhu, in failing to qualify for asylum, necessarily failed to satisfy the more stringent standard for withholding of removal. *See Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995).

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.